UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM SLOAN,

    Plaintiff,

v.                                               Case No. 09-C-883

BRIAN J. BOHLMAN,

    Defendant.

**ORDER**

At the pretrial conference, I took under advisement the question of whether the jury may be instructed that the Defendant had exercised his Fifth Amendment right in a previous lawsuit. The parties have submitted briefs on the question. For the reasons given below, I conclude that evidence of Defendant's prior invocation of his Fifth Amendment right will be admissible.

Generally, a party's assertion of his Fifth Amendment privilege against self-incrimination is admissible in a civil case. *Harris v. City of Chicago,* 266 F.3d 750, 753-54 (7th Cir. 2001). In *Harris,* the Seventh Circuit reversed a district court's ruling prohibiting the admission of evidence that a defendant had invoked the Fifth Amendment privilege despite the fact that the defendant had withdrawn his assertion of the privilege before trial. The defendant in that case withdrew his assertion of the privilege on the eve of trial, however, and as a result prevented the plaintiff from conducting effective discovery before trial. Given the prejudice to the plaintiff in depriving him of any opportunity to discover the defense before trial, the court concluded that the district court's

ruling constituted an abuse of discretion. Here, by contrast, Bohlman claims he withdrew his assertion of the privilege more than a year ago.

Bohlman cites *Evans v. City of Chicago* as support for his contention that evidence of his earlier assertion of his Fifth Amendment privilege should not be allowed. 513 F.3d 735 (7th Cir. 2008). In *Evans*, a divided panel of the Seventh Circuit affirmed the district court's ruling barring evidence of the previous assertion of the privilege by several defendants conditioned upon the defendants answering written discovery and submitting to depositions before trial. Because it was able to alleviate the prejudice to the plaintiff by ordering discovery before trial, the majority concluded that the district court had not abused its discretion in barring evidence that the defendants had previously asserted the privilege. Bohlman argues that his withdrawal of the assertion of his privilege early on in this case precludes Sloan from reasonably claiming prejudice and that under these circumstances, evidence of his earlier assertion of the privilege should be excluded.

While it is true that Bohlman withdrew his assertion of privilege before the eve of trial in the other case he was facing, the Answer he filed in this case in which he asserted the privilege remains of record. He has not sought leave to amend his answer and respond to Sloan's allegations concerning the assault. Bohlman claims he responded to six sets of written discovery requests from Plaintiff without asserting the privilege, but none of his responses in this case are of record so it is unclear what information he has disclosed. More importantly, his withdrawal of the privilege in the other case took place after the discovery deadline in this case had expired. True, Plaintiff could have sought an extension of discovery to allow him to depose Bohlman, but it is not his obligation to seek an extension simply because the Defendant has changed his trial strategy. The ruling might be different if Bohlman had previously moved to amend his answer in this case to explicitly

2

withdraw his claim of privilege and offered Sloan an opportunity to conduct further discovery. But Plaintiff was entitled to rely on the fact that Bohlman's assertion of his privilege remained in effect on the day discovery closed.

I am also satisfied that the probative value of such evidence is not outweighed by the danger of unfair prejudice. A jury may draw an adverse inference from a party's assertion of his Fifth Amendment privilege in a civil case, but it is not required to do so. Bohlman will be able to explain why he elected to assert his privilege if he chooses to do so, and if as is often the case, it was on the advice of counsel, a jury may attach little weight to it. Plaintiff, on the other hand, reasonably elected not to seek an extension of discovery so as to depose Bohlman in light of his assertion of the privilege. To allow Bohlman to testify fully without the jury being told of his earlier refusal to respond to the allegations would be unfair to the Plaintiff. Accordingly, I find the evidence admissible and Bohlman's motion is denied.

**SO ORDERED** this 14th day of November, 2011.

                                                            s/ William C. Griesbach
                                                            William C. Griesbach
                                                            United States District Judge